**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

    **v.**

**XAVIER JORDAN,**

    **Defendant.**

**CRIMINAL ACTION NO.
1:17-CR-0151-SCJ**

## **ORDER**

This matter appears before the Court for consideration of the June 19, 2018 Report and Recommendation ("R&R") (Doc. No. [54]), in which The Honorable Linda T. Walker, United States Magistrate Judge, recommended that Defendant's Motion to Suppress (Doc. No. [12]), be denied.

The Court incorporates the magistrate's facts and legal standard by reference. As stated in the R&R, On May 2, 2017, the grand jury returned an indictment charging Defendant Xavier Jordan ("Defendant") with one count of knowingly possessing a firearm after having been convicted as a felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); one count of possession with intent to distribute controlled substances, including marijuana, cocaine,

Hydrocodone, Oxycodone, and Alprazolam, in violation of 21 U.S.C. §§ 841(a)(1), (b) and 18 U.S.C. § 2; and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. No. [54], pp. 1–2.

On May 25, 2017, Defendant filed a motion to suppress evidence obtained as a result of the October 11, 2016 traffic stop that led to his arrest. Doc. No. [12]. The Government opposed the motion and the magistrate entered an R&R which recommended that the motion be denied. Doc. No. [54]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(2), Defendant filed timely objections to the R&R (Doc. No. [56]), which the Court now considers.

When objections are filed in the context of a dispositive motion, the Court must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." Id. Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Defendant first objects to Judge Walker's citations of authority and finding that "Investigator Delain had probable cause to believe that Defendant had failed to maintain his lane because, based on the facts available to Investigator Delain, Defendant veered without reason into a nearby lane of traffic." Doc. No. [56].

Defendant's second objection to the R&R is that the officers' search of his vehicle was not justified by a reasonable suspicion of illegal drug activity. Doc. No. [56], p. 2. The majority of said argument comes in the form of assertions by Defendant that the testimonies of Investigator Delain and Officer Spear are not credible and that Delain's testimony about his lack of smell due to a head cold "sounded ridiculous." Id., p. 3.

The Court has carefully reviewed the transcript of the hearing before the Magistrate Judge (Doc. No. [40]), as well as the briefing.[1] Having reviewed the record, the Court is satisfied that the Judge Walker's credibility determinations are fully supported by the record. After *de novo* review of the evidence in this case and the legal conclusions, the undersigned accepts Judge Walker's findings. Moreover, the Court finds nothing in Defendant's objections that undermines its

---

[1] See United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam) (holding that the district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation.").

3

confidence in Judge Walker's credibility determination. See United States v. Holzendorf, No. 3:11-CR-81-J-34JBT, 2012 WL 3871744, at *2 (M.D. Fla. Sept. 6, 2012).

On the whole, after *de novo* review, the Court concludes that the R&R "is correct in law and fact"—and is accepted by this Court. Griffin v. GMAC, No. 1:05-CV-0199, 2008 WL 11334068, at *1 (N.D. Ga. Mar. 5, 2008).

Accordingly, the R&R (Doc. No. [54]) is **ADOPTED** as the order of the Court, and the Defendant's Objections (Doc. No. [56]) are **OVERRULED**. Defendant's Motion to Suppress (Doc. No. [12]) is **DENIED**.

**IT IS SO ORDERED,** this 24th day of July, 2018.

s/Steve C. Jones<br>
HONORABLE STEVE C. JONES<br>
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)